UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
) **JUDGE RICHARD L. SPEER**
Theresa M. Schmakel )
) Case No. 12-33813
Debtor(s) )
)

## DECISION AND ORDER

Before this Court is the Objection of the Trustee, Louis J. Yoppolo, to certain exemptions claimed by the Debtor, Theresa M. Schmakel. (Doc. No. 26). The Debtor filed a response to the Trustee's Objection. (Doc. No. 40). Thereafter, the Court held a Hearing on the matter. (Doc. No. 41). At the Hearing, the Court afforded the Parties the opportunity to submit additional written arguments in support of their respective positions. These additional written arguments have now been filed with the Court. Based upon a review of these arguments, together with the entire record of this case, the Court finds that the Trustee's Objection should be Sustained in Part and Overruled in Part.

## BACKGROUND

In 2010, the Debtor entered into an arrangement whereby her mother would purchase a property which the Debtor and her children could use as a home. This arrangement was made because the Debtor was experiencing financial difficulties on account of a pending divorce. Under their arrangement, both the Debtor and her mother would contribute equity toward the purchase of the property, but only the Debtor's mother would hold title to the property. The Debtor, in turn, would lease the property from her mother, paying her monthly rent.

In re Theresa M. Schmakel
Case No. 12-33813

Pursuant to their arrangement, the Debtor's mother purchased a home in Toledo, Ohio. (hereinafter the "Toledo property"). For the purchase of the property, the Debtor's mother contributed the sum of $70,000.00. For her part, the Debtor contributed the amount of $89,000.00, utilizing funds she held in a retirement account.

In 2012, the Debtor, her mother and a third party formed and became members of Terosha, LLC, an Ohio limited liability company (hereinafter the "LLC"). The members' respective interests in the LLC were allocated as follows: (1) Debtor, 54.25%; (2) Debtor's mother, 43.75%; and (3) third party, 2.00%. (Doc. No. 60, Ex. A). Thereafter, title to the Toledo property was transferred to the LLC. (Doc. No. 60, Ex. B). After this transfer, the Debtor continued to pay rent for residing at the Toledo property.

On August, 20, 2012, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). In her bankruptcy schedules, as amended, the Debtor claimed as exempt her interest in the following property: (1) her interest in the Toledo property; (2) her interest in the LLC; (3) her interest in various bank accounts; and (4) an interest in the stock of a company named Dynaresources, Inc. The Objection of the Trustee to the Debtor's claims of exemption are directed at each of these interests.

## DISCUSSION

Before this Court is the Trustee's objection to the Debtor's claims of exemption. Determinations concerning the allowance of exemptions from property of the estate are deemed to be core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B). Accordingly, in this matter, this Court has the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

Page 2

In re Theresa M. Schmakel
Case No. 12-33813

When a debtor files for bankruptcy relief, all their interests in property become, by operation of law, property of an estate. 11 U.S.C. § 541(a). In a case proceeding under Chapter 7 of the Bankruptcy Code, property of the bankruptcy estate is subject to administration by a trustee, who is statutorily charged with expeditiously collecting, and then reducing to money, property of the estate for distribution to the debtor's creditors. 11 U.S.C. § 704(a)(1). A debtor's claim of exemption serves as an exception to this general rule, with the Bankruptcy Code providing that a debtor's interest in certain types of property may, notwithstanding its status as estate property, be exempted from the claims of creditors. 11 U.S.C. § 522(b)/(c).

Exemptions promote a variety of public-policy aims: (1) providing the debtor with that property which is necessary for their survival; (2) enabling the debtor to rehabilitate themselves; and (3) protecting the debtor's family from the adverse effects of impoverishment. *In re Malsch*, 400 B.R. 584, 587 (Bankr. N.D.Ohio 2008). For debtors who seek relief under the Bankruptcy Code, exemptions also further one of the Code's primary aims: providing the debtor with a fresh-start. *Id.* at 587–88. Based upon their remedial function, exemptions are to be liberally construed in favor of a debtor. *In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D.Ohio 2005). Similarly, the party objecting to a debtor's claim of exemptions "has the burden of proving that the exemptions are not properly claimed." FED.R.BANKR.P. 4003(c).

In the matter before the Court, the Trustee has objected to four different categories of property the Debtor has claimed as exempt. Each of these categories will now be addressed separately. For this purpose, Ohio law will be applied since in a bankruptcy case the permissibility of exemptions for debtors domiciled in Ohio, such as the Debtor in this case, is governed by Ohio law, with Ohio having opted out of the federal bankruptcy exemption scheme. 11 U.S.C. § 522(b)(2); O.R.C. § 2329.662.

Page 3

In re Theresa M. Schmakel
Case No. 12-33813

The principal dispute between the Parties centers on the exemption the Debtor has claimed in the Toledo property. For this claim of exemption, the Debtor relies on two provisions of the Ohio Revised Code: (1) § 2329.66(A)(1)(b), known as the homestead exemption; and (2) O.R.C. 2329.66(a)(14), concerning partnership property. As now explained, both these claims of exemption are not valid.

The Debtor first claims her interest in the Toledo property as exempt, relying on O.R.C. § 2329.66(A)(1)(b). This provision, known as the homestead exemptions, provides, in relevant part:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
>> (b) In the case of all other judgments and orders, the person's interest, not to exceed twenty thousand two hundred dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

In opposition to the Debtor's claim of exemption in the Toledo property under this provision, the Trustee focuses on the requirement of § 2329.66(A)(1)(b) that a debtor may only exempt their "interest" in property used as a residence. According to the Trustee, the Debtor has no "interest" in the Toledo property because, as applied to § 2329.66(A)(1)(b), the Toledo property is not titled in the name of the Debtor, but is instead titled solely in the name of the LLC.

On the position taken by the Trustee, the Court finds the recent decision rendered by the Bankruptcy Appellate Panel in *In re Breece*, 2013 WL 197399, (6th Cir. B.A.P. 2013), to be dispositive of the issue. As in this case, the issue before the Court in *In re Breece* concerned whether a debtor held, within the meaning of § 2329.66(A)(1)(b), an "interest" in real property capable of being exempted when the property, although used by the debtor as a residence, was titled solely in the name of an Ohio limited liability company. This situation arose in *In re Breece* because, on a

Page 4

In re Theresa M. Schmakel
Case No. 12-33813

prepetition basis, the debtor and her grandmother transferred legal title to the debtor's residence to a limited liability company in which they were founding members. Later, after the death of her grandmother, the debtor became the sole member of the limited liability company.

In *In re Breece*, the Debtor argued that her sole membership interest in the limited liability company, which held title to her residence, conferred upon her a derivative interest in the property, capable of being exempted under § 2329.66(A)(1)(b), given that, in the absence of her bankruptcy, she would be entitled to distribution upon the liquidation of the limited liability company. The Court in *In re Breece* rejected this position for a number of reasons.

First, the Court in *In re Breece* began its discussion by observing that, under Ohio law, a person's membership interest in a limited liability company is personal property, and does not confer upon the member any specific interest in company property, whether personal property or real property, with company property being held and owned solely by the limited liability company. The Court in *In re Breece* next noted that precedent from the Ohio Supreme Court, as established in the case of *Gaylord, Son & Co. v. M. Imhoff & Co.*, 26 Ohio St. 317 (1875), had declined to extend a "head of family" exemption to partners who claimed an exemption in partnership property. Analogizing from this, the Court in *In re Breece* stated that "it is unlikely that the Supreme Court of Ohio would allow a member of an LLC to claim an exemption in property owned by an LLC pursuant to Ohio's homestead exemption given the fact the Gaylord court did not extend the Ohio exemption statute to the partners in that case."

The Court in *In re Breece* next rejected the debtor's argument that the word "uses," as set forth in § 2329.66(A)(1)(b), trumps all other statutory elements including the term "interest. The debtor in *In re Breece* had argued in this regard that, because she "used" the property owned by the limited liability company as a residence, she was entitled to the homestead exemption of § 2329.66(A)(1)(b). In declining to adopt the debtor's position, the Court in *In re Breece* set forth

Page 5

In re Theresa M. Schmakel
Case No. 12-33813

that, in applying Ohio law, it was required to give effect to all the words of a statute. As a result, it was required to give full effect to the word "interest" as set forth in § 2329.66(A)(1)(b).

Finally, coming full circle, the Court in *In re Breece* explained that exemptions only apply to property of the estate. And since her limited liability company, being a separate legal entity, held title to her residence, the Court in *In re Breece* found that the debtor could not claim an exemption in the property because her membership interest in the limited liability company did not grant her any specific interest in the residence capable of being included in her bankruptcy estate.[1]

Concerning the Court's decision in *In re Breece*, the Debtor has not offered any basis as to why its tenets should not be followed in this particular case. The factual situation in *In re Breece* is, moreover, almost identical to the circumstances presented in this case. Accordingly, consistent with the Court's holding in *In re Breece*, this Court finds that the Debtor is not entitled to claim the homestead exemption of § 2329.66(A)(1)(b) to the Toledo property.

The Debtor next takes the position that she is entitled to claim an exemption in the Toledo property pursuant to § 2329.66(A)(14). This provision generally allows a debtor, who is a partner in a partnership, to exempt specific partnership property.[2] In providing for such an exemption,

---

[1] The corollary to this, of course, is that in this case the bankruptcy estate's interest, and by extension the Trustee's interest, in the Toledo property is limited and derived solely from the prepetition interest the Debtor held in the LLC which is property of the Debtor's estate.

[2] Ohio Revised Code § 2329.66(A)(14) provides:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> > (14) The person's right in specific partnership property, as exempted by the

Page 6

In re Theresa M. Schmakel
Case No. 12-33813

however, § 2329.66(A)(14) limits its scope to partnerships; nowhere in § 2329.66(A)(14) is the business concern of a limited liability company referenced.

Under Ohio law, limited liability companies are distinct from and have different legal characteristics as compared to partnerships. In this way, the respective business entities of partnerships and limited liability companies are governed by entirely different provisions of the Ohio Revised Code. *See* O.R.C. § 1705.01, *et seq.* (governing limited liability companies); and O.R.C. § 1776.01, *et seq.* (governing partnerships). Given, therefore, their distinct characteristics, where a provision of the Ohio Revised Code refers only to a partnership, but not a limited liability company, the Court will not read such a provision so as to apply to limited liability companies.

For this reason, the Debtor's claim of exemption in the Toledo property pursuant to § 2329.66(A)(14) cannot be allowed. On this same basis, the Debtor's claim of exemption in the LLC, itself, cannot be allowed as the only statutory authority cited by the Debtor for this exemption is the above partnership exemption of § 2329.66(A)(14). In this regard, this Court has previously commented that, while exemptions are to be liberally construed, it "is not free to create an exemption where none exists." *In re Kudela*, 427 B.R. 643, 650 (Bankr. N.D.Ohio 2010).

The Trustee has next objected to the Debtor's claim of exemption in a number of bank accounts. In these bank accounts, the Debtor has claimed an exemption pursuant to § 2329.66(A)(13), concerning personal earnings, and O.R.C. § 2329.66(A)(18), known as the wild card exemption. The Trustee's objection goes solely to the Debtor's claim of exemption for personal earnings under § 2329.66(A)(13).

---

        person's rights in a partnership pursuant to section 1776.50 of the Revised Code, except as otherwise set forth in section 1776.50 of the Revised Code;

Page 7

In re Theresa M. Schmakel
Case No. 12-33813

Ohio Revised Code § 2329.66(A)(13) provides for an exemption of earnings owed to a debtor for personal services up to a specified amount, usually 75% of a debtor's "disposable earnings." In opposition to the Debtor's claim of exemption under this provision, the Trustee states that the "exemption provided under § 2329.66(A)(13) applies only to personal earnings of the person owed to the person, not funds already paid and deposited by said person[.]" (Doc. No. 26). Based upon this statement, it is fair to state that it is the position of the Trustee that personal earnings, once deposited into a bank account, lose their exempt status under § 2329.66(A)(13). To the extent, however, this is the position of the Trustee, it would not appear to fully comport with the Ohio Supreme Court's decision in *Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441 (1986).

In *Daugherty v. Central Trust Co.*, the Supreme Court of Ohio held that "personal earnings exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order pursuant to R.C. 2329.66(A)(13) retain their exempt status when deposited in a personal checking account, so long as the source of the exempt funds is known or reasonably traceable." 28 Ohio St.3d at 445. Consistent, therefore, with this decision, wages earned by a debtor may, under certain conditions, retain their exempt status as applied to § 2329.66(A)(13), notwithstanding that the debtor's wages have been paid and deposited into a bank account.

In any event, the Debtor, in her response to the Trustee's objection, related to the Court that her bank accounts have since been closed and that she no longer claimed an exemption in the accounts. Moreover, to the extent that the bank accounts were not actually closed, the Debtor set forth that she "would otherwise claim a cash on hand exemption in these accounts, in the event that they were still open."[3] (Doc. No. 40, at pg. 2). Consequently, based upon her statements, the issue

---

[3]
Presumably, the "cash on hand" exemption referred to by the Debtor concerns O.R.C. § 2329.66(A)(3) which provides:

Page 8

of the Trustee's objection to the Debtor's claims of exemption in her bank accounts under § 2329.66(A)(13) would appear to be moot.

The last objection of the Trustee to the Debtor's claims of exemption concerns 2000 shares of common stock owned by the Debtor in a company named Dynaresources, Inc. The Debtor has claimed such shares as exempt pursuant to § 2329.66(A)(18), otherwise known as the wild card exemption. For his objection, the Trustee did not take issue with the Debtor's actual use of § 2329.66(A)(18) as a basis to claim an exemption in her shares of Dynaresources stock. Rather, the Trustee's objection is based upon the Debtor setting forth that the amount of her § 2329.66(A)(18) exemption in her shares of Dynaresources stock is "unknown." According to the Trustee, the "Debtor should state a specific dollar limit. . . . " (Doc. No. 26).

The Court disagrees with the position put forth by the Trustee. The wild card exemption of § 2329.66(A)(18) allows a debtor in bankruptcy to exempt their "aggregate interest in any property" up to a specified dollar amount. Where a debtor cites an exemption statute as the basis for a claim of exemption it can be presumed that any dollar limitation imposed by the statute becomes a part of the claim of exemption, even if, as here, the value of the asset and/or exemption is listed as "unknown." *In re Hall*, 453 B.R. 22 (Bankr. D.Mass. 2011), *citing Schwab v. Reilly*, – U.S.– , 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010). Thus, by citing § 2329.66(A)(18), in no instance could the amount of the Debtor's exemption in the Dynaresources stock exceed the exemption amount specified in the statute. Moreover, in the situation here, where the Debtor has already partially

---

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> > (3) The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, savings and loan association, credit union, public utility, landlord, or other person, other than personal earnings.

**In re Theresa M. Schmakel**
Case No. 12-33813

allocated their wild card exemption against interests in other property, the Trustee may reduce accordingly the amount allowed by the wild card exemption against the Dynaresources stock.

In summation, the Debtor's claim of exemption against the Toledo property, pursuant to § 2329.66(A)(1)(b), cannot be allowed as, consistent with the decision of *In re Breece*, 2013 WL 197399, (6th Cir. B.A.P. 2013), the Debtor does not satisfy the statute's prerequisite of having an "interest" in the property. The Debtor's claim of exemption in the Toledo property pursuant to § 2329.66(A)(14) must also be denied as the breadth of this provision does not concern limited liability companies, but is instead explicitly limited to partnerships. For this same reason, the Debtor's claim of exemption in her LLC under § 2329.66(A)(14) cannot be allowed. Because the Debtor no longer claims an exemption in her bank accounts pursuant to § 2329.66(A)(13), the Court, for the record, will sustain the Trustee's objection for this exemption. Finally, regarding the Debtor's claim of exemption in her shares of Dynaresources stock pursuant to § 2329.66(A)(18), the Court will overrule the Trustee's objection, but in no event may the Debtor's aggregate claims of exemption under § 2329.66(A)(18) exceed the statutory limit.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 10

In re Theresa M. Schmakel
Case No. 12-33813

Accordingly, it is

***ORDERED*** that the Trustee's Objection to the Debtor's claim of exemption in her Toledo property, pursuant to O.R.C. §§ 2329.66(A)(1)(b) and 2329.66(A)(14), be, and is hereby, SUSTAINED.

***IT IS FURTHER ORDERED*** that the Trustee's Objection to the Debtor's claim of exemption in Terosha, LLC, be, and hereby, SUSTAINED.

***IT IS FURTHER ORDERED*** that the Trustee's Objection to the Debtor's claim of exemption in various bank accounts pursuant to O.R.C. § 2329.66(A)(13), be, and is hereby, SUSTAINED.

***IT IS FURTHER ORDERED*** that the Trustee's Objection to the Debtor's claim of exemption in the Dynaresources stock pursuant to O.R.C. § 2329.66(A)(18), be, and is hereby, OVERRULED.

Dated: February 14, 2013

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 11

CERTIFICATE OF SERVICE

Copies of the foregoing Decision and Order were mailed this 14th day of February, 2013 to:

Louis J Yoppolo
1200 Edison Plaza
300 Madison Ave
Toledo, OH 43604-1556

Theresa M Schmakel
2912 Carrie Creek Lane
Toledo, OH 43617

Matthew B. Bryant
Dixon & Hayes, Ltd.
3361 Executive Parkway
Toledo, OH 43606

*Sherry Heyman*
Deputy Clerk, U.S. Bankruptcy Court